UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 2:15CR90-PPS |
| DAMIANE HARRIS, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

For the second time in as many months, Damiane Harris is before me with a motion seeking what he calls a *nunc pro tunc* amendment to his sentence. His earlier motion was denied because it argued in error that I intended to order the sentence in this case to run concurrent with subsequent state court sentences. [DE 38.] In his latest motion, Harris asks me to order that the Federal Bureau of Prisons award him sentencing credit "for time spent in pretrial custody from February 5th, 2016 until present." [DE 39 at 1.]

For purposes of this federal prosecution, Harris was transferred to the custody of the United States Marshal as of February 5, 2016 by means of a Writ of Habeas Corpus Ad Prosequendum. [DE 5, 7.] On October 4, 2016, I sentenced Harris to 24 months' imprisonment on the charge of interstate transportation of stolen property, which he had pled guilty to on July 5, 2016. [DE 33, 21.] As a preliminary matter, I repeat what I observed in my recent order, namely that I declined to make Harris's federal sentence concurrent with any sentences yet to be imposed in the then-pending Illinois cases. As

a result, credit all the way "until the present," including time spent satisfying terms of imprisonment imposed by the State of Illinois, would go too far in my view. Instead, the reasonable question is whether Harris should be credited with the time he spent in federal custody pursuant to the writ, that is, from February 5, 2016 to October 14, 2016 when he was returned to the Cook County Jail. [DE 5, 7, 35.]

As the sentencing transcript reflects, defense counsel prompted a question about whether Harris would receive credit against his federal sentence for the time spent in federal custody pursuant to the writ. [DE 37 at 5-6.] The discussion resolved with me persuaded that I correctly understood that Harris would be entitled to federal credit for that time. [*Id*. at .] Later in the hearing when pronouncing the sentence, I said that Harris would "be given credit for all time served from the time he was writted into federal custody, so that goes back to February 5th of 2016." [DE 37 at 29-30.] The judgment contains my recommendation to the Bureau of Prisons "[t]hat the defendant be given credit for time served (since February 5, 2016)." [DE 34 at 2.]

The language of the judgment is admittedly more carefully worded than what I said from the bench, although even the judgment did not take into account that Harris might soon be returned to state custody, as in fact occurred. More importantly, however, the judgment addressed the issue in the form of a recommendation rather than an order, reflecting my understanding (then and now) that, as the sentencing judge, I lack the power to determine matters of sentencing computation. The Supreme Court determined long ago in United States v. Wilson, 503 U.S. 329, 334-35 (1992), that

the Bureau of Prisons, by delegation from the Attorney General, is vested with the authority to determine credit toward a sentence of imprisonment. The sentencing court has no such authority. *See United States v. Walker*, 917 F.3d 989, 993-94 (7th Cir. 2019) ("even if it had wanted to give Mr. Walker credit for the time in question, the district court could not have done so"). After exhausting any sentencing credit dispute through the Bureau of Prisons' internal administrative process, an inmate may seek review from a district court by filing a petition under 28 U.S.C. §2241, but that must be filed against the warden of the prison in the district where the inmate is incarcerated. *Walker*, 917 F.3d at 994.

As the sentencing judge, I have no authority to second-guess the determinations of the Bureau of Prisons concerning Harris's credit for jail time and his release date. I can take no action in Harris's favor with respect to the computation of his prison time, other than to repeat, as I do now, that it is my recommendation that Harris be given credit against the sentence I imposed for the time he spent in the custody of the United States Marshal pursuant to the Writ of Habeas Corpus Ad Prosequendum from February 5, 2016 to October 14, 2016. Even as I reiterate the recommendation, I acknowledge that the matter is for the Bureau of Prisons to determine, and the recommendation may be trumped by other considerations, such as whether Harris received credit for that period of time against other sentences imposed by the State of Illinois.

ACCORDINGLY:

Damiane Harris's Amended Motion for Nunc Pro Tunc Amendment [DE 39] is DENIED.

SO ORDERED.

ENTERED: December 19, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT