UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:15 CR 90 |
| | ) |
| DAMIANE HARRIS | ) |

**OPINION and ORDER**

Defendant Damiane Harris has filed a *nunc pro tunc* motion challenging the Bureau of Prisons' calculation of his sentence. (DE # 70.) For the reasons that follow, the motion will be denied.

**I.     BACKGROUND**

On October 4, 2016, defendant was sentenced in this case to 24 months in prison and one year of supervised release. (DE # 34.) After finishing his term of imprisonment on this sentence, he remained in prison to serve a sentence in a different case.

Defendant began his term of supervised release for this case on March 15, 2021. (*See* DE # 61.) A few days later, on March 27, 2021, defendant was arrested by the Chicago Heights, Illinois Police Department, and later charged in Cook County Circuit Court Case Number 21CR0552901, with felonies related to the unlawful possession of vehicles. (*See* DE # 61; 2:21 CR 46, DE # 36 at 13.)

On March 31, 2021, a federal arrest warrant was issued in this case, for multiple supervised release violations, including committing the offenses charged in 21CR0552901. (*See* DE ## 46-48.) Defendant remained in state custody until the conclusion of his state case.

On January 23, 2023, defendant was sentenced to a six-year term of imprisonment in his state case, 21CR0552901, with credit for 667 days served. (*See* DE # 61 at 2.) There were exactly 667 days between the date of his arrest on the state charges and the imposition of his state court sentence.

On February 17, 2023, defendant was arrested pursuant to the warrant in this case. (*Id.* at 1.) On April 25, 2024, this court held a hearing sentencing defendant for his supervised release violations in this case, as well as sentencing him in his other federal criminal case, 2:21 CR 46. In this case, defendant was sentenced to 21 months of imprisonment. (DE ## 64, 65.) This sentence was ordered to run consecutively to his 41-month term of imprisonment imposed in 2:21 CR 46. (*See* 2:21 CR 46, DE # 46.)

Defendant now seeks credit for the time he spent in prison starting on March 27, 2021. The Government opposes the motion. (DE # 72.)

## II.   DISCUSSION

The Government argues that this court lacks the authority to grant defendant relief because the Attorney General, acting through the BOP, "has the ultimate authority to calculate a federal prisoner's period of incarceration, including the amount of credit a federal prisoner should receive based on time spent in state custody." (DE # 72 at 4.) While it is true that this responsibility generally lies with the BOP (as designated by the Attorney General), *see United States v. Wilson*, 503 U.S. 329, 335 (1992), it is not true that there is no judicial recourse if a defendant believes that the BOP has miscalculated the sentence. A prisoner may challenge the BOP's calculation by filing a claim through the BOP's Administrative Remedy Program, *see* 28 CFR § 542.10 *et seq.*

2

(2011), and if that does not work, he may seek a writ of habeas corpus, *see* 28 U.S.C. § 2241. *Setser v. United States*, 566 U.S. 231, 244 (2012). While the court has the authority to review defendant's challenge, his claims fail on the merits.

First, defendant appears to be under the mistaken impression that the BOP has calculated his sentence in this case to run consecutive to his sentence in his state case. (*See* DE # 70 at 3, claiming that the BOP "are stating that this court ordered case number 2:15 CR 90-001 to be run consecutive to case, 21CR0552901, which was a state case from Illinois.") This is a misreading of the BOP's response to defendant, which explains that his two federal cases were ordered to run consecutively. (DE # 70-1 at 14.)

Defendant also argues, "[t]his court did not order Case Number 2:15 CR 90 to be (sic) run consecutive to any sentence as the Bureau of Prisons is stating." (DE # 70 at 7.) He argues that the only term of imprisonment that this court ordered on April 25, 2024, was the term of imprisonment in 2:21 CR 46. (*Id.* at 6.) This is incorrect. The judgement in 2:21 CR 46 states, "the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of **41 months.** This custodial sentence is imposed to run consecutively to the defendant's term of imprisonment imposed by this court in Cause 2:15cr90." (2:21 CR 46, DE # 46 at 2, emphasis in original.)

Defendant's final argument is that he should be given time-served credit for his incarceration that began on March 27, 2021, while he was awaiting resolution of his state case. (DE # 70 at 7.) However, defendant received credit toward his state court sentence in 21CR0552901 for this period of time, and thus he is statutorily prohibited from receiving credit for this same period of time in this case. 18 U.S.C. § 3585. Section

3

3585(b) states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

(Emphasis added); *see also United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) ("§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence."). Here, the time for which defendant seeks credit has already been credited against his state court sentence, and therefore he may not use this same period to receive credit toward his sentence in this case.

### III. CONCLUSION

Accordingly, Harris' *nunc pro tunc* motion (DE # 70) is **DENIED.**

                            **SO ORDERED.**

Date: July 11, 2025

                            s/James T. Moody
                            JUDGE JAMES T. MOODY
                            UNITED STATES DISTRICT COURT